UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES R. MILLER,

    Plaintiff,

    v.

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security Administration,

    Defendant.

Case No. 3:14-cv-1931-JVB-CAN

**OPINION AND ORDER**

Plaintiff James Miller seeks judicial review of the Social Security Commissioner's decision denying him disability benefits, and asks this Court to remand the case to the agency. For the reasons below, the Court remands the case.

**A.    Overview of the Case**

Plaintiff applied for disability benefits on February 17, 2011, alleging that he became disabled on January 27, 2011. (R. at 20.) This was Plaintiff's second application: he previously applied for disability benefits in 2009, but was denied. (R. at 20.) After a hearing, Administrative Law Judge Romona Scales denied Plaintiff's application. (R. at 24.) The ALJ determined that Plaintiff has three severe conditions: posterior lumbar interbody fusion (PLIF), obese body habitus, and mood disorder. (R. at 23.) In assessing Plaintiff's residual functional capacity (RFC), the ALJ imposed moderate physical, mental and social limitations, but stated that Plaintiff could "stand and/or walk for up to 6 hours in an 8-hour work period." (R. at 28.) She concluded that although Plaintiff could not do his former job as a security guard, he could do

1

other jobs such as assembler or electronics worker. (R. at 34.) The ALJ's decision became final when the Social Security Appeals Council denied Plaintiff's request for review. (R. at 6.)

**B.      Standard of Review**

This Court has authority to review Social Security Act claim decisions under 42 U.S.C. § 405(g). The Court will uphold a decision that applies the correct legal standard and is supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). The Court will, however, ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002).

**C.      Disability Standard**

The Commissioner has established a five-step inquiry to evaluate whether a claimant qualifies for disability benefits. A successful claimant must show:

> (1) he is not presently employed; (2) his impairment is severe; (3) his impairment is listed or equal to a listing in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) he is not able to perform his past relevant work; and (5) he is unable to perform any other work within the national and local economy.

*Scheck v. Barnhart*, 357 F.3d 697, 699–700 (7th Cir. 2004).

A "no" at any point other than step three means that the claimant is not disabled. *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001). A "yes" leads either to the next step or, on steps three and five, to a finding that the claimant is disabled. *Id.*

**D.      Analysis**

Plaintiff argues that the ALJ erred in: concluding that Plaintiff did not have a listed condition or equivalent; discounting Plaintiff's credibility as to his subjective complaints; and

2

assessing Plaintiff's RFC.

**(1)    *The ALJ did not err in concluding that Plaintiff did not have a listed condition or equivalent***

Plaintiff argues that he has at least two conditions that meet or are medically equivalent to an impairment listed under 20 C.F.R. § 404, Subpart P, Appendix 1. First, Plaintiff argues that his back problems and obesity are equivalent to listing 1.04, and that the ALJ erred in finding that "the record fails to demonstrate that the conditions have resulted in a compromise of a nerve root." (R. at 24.) But Plaintiff's only evidence is that he had a positive straight-leg raising test *before* lumbar surgery. (R. at 543.) A single positive test for a condition that may have been rectified by surgery cannot compel a finding that the condition is so severe as to equal a listing. Second, Plaintiff argues that his post-traumatic stress disorder (PTSD) and anxiety, either alone or in combination with mood disorder, meet the criteria for listing 12.06. But the only clinical evidence for Plaintiff's anxiety or PTSD was from the period covered by Plaintiff's previous disability application, which Plaintiff abandoned. Therefore, the ALJ reasonably concluded that none of Plaintiff's conditions equaled a listing during the claimed disability period.

**(2)    *The ALJ's credibility determination was not patently wrong***

ALJ credibility determinations are entitled to deference because the ALJ is "in a special position to hear, see, and assess witnesses." *Murphy v. Colvin*, 759 F.3d 811, 815 (7th Cir. 2014). Courts only overturn credibility determinations that lack any explanation or support. *Id.* at 816. A credibility determination will be upheld as long as it is explained in a way that allows the court to determine that the ALJ logically based the determination on specific findings and record evidence. *Id.* In this case, the ALJ gave a logical explanation for discounting Plaintiff's

credibility: Plaintiff's testimony about daily activities was contradictory. (R. at 25.) Therefore, the ALJ's credibility determination was not patently wrong.

**(3)** *The ALJ should have considered Plaintiff's need for frequent breaks from standing or sitting*

At the hearing, Plaintiff testified that because of his back problems, he had to take a break from sitting or standing every 10 to 15 minutes. (R. at 65–66.) The vocational expert (VE) testified that even two or three such breaks per hour would eliminate any possible employment for someone with Plaintiff's other limitations. (R. at 75–76.) A need for breaks is scarcely surprising in someone with Plaintiff's conditions. Yet the ALJ's RFC assessment does not mention breaks at all. Perhaps the ALJ had good reasons to believe that Plaintiff would have no atypical need for breaks, but the ALJ leaves the reader guessing as to what those reasons might be. Thus, the requisite bridge from evidence to conclusion is missing.

**E.     Conclusion**

The Court concludes that the ALJ failed to address Plaintiff's alleged need for frequent breaks, despite evidence that this limitation may make it impossible for Plaintiff to find work. Therefore, the Court remands the case for further consideration.

SO ORDERED on January 29, 2016.

S/ Joseph S. Van Bokkelen<br>
JOSEPH S. VAN BOKKELEN<br>
UNITED STATES DISTRICT JUDGE